No. 14-1728

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

JAMES DILLON,
*Plaintiff-Appellee*,

v.

BMO HARRIS BANK, N.A., *et al.*,
*Defendants-Appellants*.

and

FOUR OAKS BANK & TRUST
*Defendant*.

Appeal from Order of the United States District Court for the
Middle District of North Carolina, No. 1:13-cv-00897-CCE (Eagles, J.)

**DEFENDANTS-APPELLANTS' OPPOSITION TO
PLAINTIFF-APPELLEE'S MOTION TO DISMISS
APPEAL FOR LACK OF JURISDICTION**

Lucia Nale                          Kevin Ranlett
Debra Bogo-Ernst                    MAYER BROWN LLP
MAYER BROWN LLP                     1999 K Street, N.W.
71 South Wacker Drive               Washington, DC 20006
Chicago, IL 60606                   Telephone: (202) 263-3000
Telephone: (312) 782-0600           Facsimile: (202) 263-3300
Facsimile: (312) 701-7711

*Attorneys for Defendant-Appellant BMO Harris Bank, N.A.*

*[additional counsel on signature page]*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................ ii

INTRODUCTION ...................................................................................... 1

BACKGROUND ........................................................................................ 3

ARGUMENT ............................................................................................. 6

I.    DILLON'S JURISDICTIONAL CHALLENGE IS BARRED BY
THE FAA AND SUPREME COURT PRECEDENT ................................. 6

II.   EVEN IF THE MERITS OF THE APPEAL WERE RELEVANT TO
THIS COURT'S JURISDICTION, THE COURT BELOW ERRED
AS A MATTER OF LAW IN DENYING DEFENDANTS'
RENEWED ARBITRATION MOTIONS ................................................ 13

CONCLUSION ........................................................................................ 18

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Achey v. BMO Harris Bank, N.A.*,
  2014 WL 4099139 (N.D. Ill. Aug. 19, 2014) ......................................................3

*Akeva L.L.C. v. Adidas Am., Inc.*,
  385 F. Supp. 2d 559 (M.D.N.C. 2005) ............................................................17

*Am. Cas. Co. v. L-J, Inc.*,
  35 F.3d 133 (4th Cir. 1994) .............................................................................6

*Arthur Andersen LLP v. Carlisle*,
  556 U.S. 624 (2009) ..............................................................................2, 10, 11

*Behrens v. Pelletier*,
  516 U.S. 299 (1996) ...........................................................................................13

*Bernal v. Sw. & Pac. Specialty Fin., Inc.*,
  2014 WL 1868787 (N.D. Cal. May 7, 2014) ...................................................16

*Berry v. Indianapolis Life Insurance Co.*,
  600 F. Supp.2d 805 (N.D. Tex. 2009) .............................................................17

*Booth v. BMO Harris Bank, N.A.*,
  2014 WL 3952945 (E.D. Pa. Aug. 11, 2014) ....................................................3

*Borders v. Chase Home Finance, LLC*,
  2009 WL 1870916 (E.D. La. June 29, 2009) ...................................................17

*Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*,
  252 F.3d 707 (4th Cir. 2001) .............................................................................7

*Elder v. BMO Harris Bank, N.A.*,
  2014 WL 1429334 (D. Md. Apr. 11, 2014)........................................................4

*Goldberg v. C.B. Richard Ellis, Inc.*,
  2012 WL 6522741 (D.S.C. Dec. 14, 2012) ......................................................16

# TABLE OF AUTHORITIES
## (continued)

Page(s)

*Goodman v. Johnson*,
  471 F. App'x 114 (4th Cir. 2012) ........................................................12

*Goodman v. Johnson*,
  2012 WL 5208523 (E.D. Va. 2012) ...................................................12

*Gordon v. U.S. Bancorp*,
  No. 13-cv-3005 (D. Minn. Apr. 21, 2014)............................................4

*Graham v. BMO Harris Bank, N.A.*,
  No. 3:13-cv-1460 (D. Conn. July 16, 2014)..........................................4

*Guidotti v. Legal Helpers Debt Resolution, LLC*,
  716 F.3d 764 (3d Cir. 2013) ...............................................................15

*Howard v. Ferrellgas Partners, L.P.*,
  748 F.3d 975 (10th Cir. 2014) .......................................................15, 16

*Hutchinson v. Staton*,
  994 F.2d 1076 (4th Cir. 1993) ............................................................17

*Labajo v. First Int'l Bank & Trust*,
  No. 5:14-cv-00627 (C.D. Cal. July 9, 2014) .........................................4

*Lucas v. Hertz Corp.*,
  875 F. Supp. 2d 991 (N.D. Cal. 2012).................................................16

*Moss v. BMO Harris Bank, N.A.*,
  2014 WL 2565824 (E.D.N.Y. June 9, 2014) .........................................4

*Newark Bay Cogeneration P'ship, LP v. ETS Power Grp.*,
  2012 WL 4504475 (D.N.J. Sept. 28, 2012).........................................16

*Noohi v. Toll Bros., Inc.*,
  708 F.3d 599 (4th Cir. 2013) ................................................................7

*Oblix, Inc. v. Winiecki*,
  374 F.3d 488 (7th Cir. 2004) ...................................................2, 12, 13

# TABLE OF AUTHORITIES
## (continued)

Page(s)

*In re Pisgah Contractors, Inc.*,
117 F.3d 133 (4th Cir. 1997) ...................................................................6

*Quazilbash v. Wells Fargo & Co.*,
2010 WL 1643778 (N.D. Okla. Apr. 22, 2010)......................................16

*Riley v. BMO Harris Bank, N.A.*,
2014 WL 3725341 (D.D.C. July 29, 2014) ..............................................3

*Scinto v. Preston*,
234 F. App'x 106 (4th Cir. 2007) ..........................................................12

*Scinto v. Preston*,
2009 WL 8666488 (E.D.N.C. 2009) .......................................................12

*SG Avipro Fin. Ltd. v. Cameroon Airlines*,
2005 WL 1353955 (S.D.N.Y. June 8, 2005) ...........................................16

*Snowden v. CheckPoint Check Cashing*,
290 F.3d 631 (4th Cir. 2002) .........................................................6, 9, 10

*Stedor Enters., Ltd. v. Armtex, Inc.*,
947 F.2d 727 (4th Cir. 1991) ....................................................................8

*Stone v. Pa. Merch. Grp., Ltd.*,
949 F. Supp. 316 (E.D. Pa. 1996)...........................................................16

*Wholesale Tape & Supply Co. v. iCode, Inc.*,
2005 WL 3535148 (E.D. Tenn. Dec. 22, 2005) ......................................16

**STATUTES**

9 U.S.C. § 3 ...................................................................................................7

9 U.S.C. § 4 .................................................................................................14

9 U.S.C. § 16..........................................................................................*passim*

# TABLE OF AUTHORITIES
## (continued)

Page(s)

**OTHER AUTHORITIES**

15 Charles A. Wright *et al., Federal Practice and Procedure*
    § 3914.34 (Supp. 1990)....................................................................................8

## INTRODUCTION

The motion of plaintiff-appellee James Dillon to dismiss this appeal for lack of jurisdiction is unfounded. This Court's jurisdiction over this appeal is straightforward under the plain language of the Federal Arbitration Act ("FAA"). Indeed, Dillon's challenge to that jurisdiction is barred by precedent that he fails to cite in his motion.

Defendants-appellants BMO Harris Bank, N.A. ("BMO Harris"), Generations Federal Credit Union ("Generations"), and Bay Cities Bank ("Bay Cities") (collectively, "defendants") moved the court below to enforce Dillon's arbitration agreements. The district court denied each of those motions on July 7, 2014. Defendants timely appealed that order on July 17, 2014. Under Section 16(a) of the FAA, "[a]n appeal *may be taken* from . . . an order . . . refusing" a motion to enforce an arbitration agreement. 9 U.S.C. § 16(a) (emphasis added). Because the order below denied defendants' requests for arbitration, Section 16(a) of the FAA authorizes this appeal.

Dillon's argument to the contrary rests on a recharacterization of the record below. He maintains that the defendants' motions to enforce his arbitration agreements were really non-appealable motions for reconsideration because the district court's July 7 order denying the motions applied the standard applicable to motions for reconsideration. The district court in March had denied defendants'

earlier motions as a result of Dillon's raising an evidentiary issue regarding the tendered arbitration agreements. Defendants then obtained declarations authenticating those agreements and filed the renewed motions that are the subject of this appeal.

Dillon's argument cannot be squared with the language of the district court's July 7 order, which referred to the motions as "motions to compel arbitration." Nor can his argument be squared with Section 16(a) of the FAA, which authorizes an appeal of an order denying arbitration regardless of the reason for the denial. Dillon also overlooks the fact that the Supreme Court has squarely rejected jurisdictional challenges under Section 16(a) of the FAA that—like his challenge—"conflat[e] the jurisdictional question with the merits of the appeal." *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 628 (2009). In *Carlisle*, the Supreme Court explained that, under the "clear and unambiguous terms" of Section 16(a) of the FAA, "any litigant who asks" the court to enforce an arbitration agreement "is entitled to an immediate appeal from denial of that motion." *Id.* at 627.[1] Dillon's motion to dismiss this appeal should be denied.

---

[1]     Indeed, as also set forth below (*see* pages 12–13, *infra*), even if defendants had made motions for reconsideration (which they did not), this Court would have jurisdiction. *See*, *e.g.*, *Oblix, Inc. v. Winiecki*, 374 F.3d 488 (7th Cir. 2004).

## BACKGROUND

This case is one of a dozen virtually identical putative class actions that counsel for Dillon have filed in federal district courts around the country. In each case, the plaintiff alleges that he or she obtained payday loans online from lenders on terms that plaintiff's counsel say violate state usury law. But rather than sue those lenders, plaintiff's counsel target the banks that allegedly played a role in the sequence of funds transfers between the plaintiffs' and the lenders' bank accounts using the Automated Clearing House ("ACH") network. For example, in this case, Dillon sued defendants-appellants BMO Harris, Generations, and Bay Cities, as well as defendant Four Oaks Bank & Trust ("Four Oaks"), for their alleged involvement in ACH transfers in connection with online loans from five different lenders, none of whom are parties to the action.

In each of the copycat actions, the defendants have filed responsive motions, often including a motion to compel arbitration under the arbitration clauses in the plaintiffs' loan agreements with the third-party lenders. Other than the court below, every court to rule on those motions—eight federal district courts—has concluded that the plaintiffs' claims must be arbitrated. *See Achey v. BMO Harris Bank, N.A.*, --- F. Supp. 2d ----, 2014 WL 4099139 (N.D. Ill. Aug. 19, 2014); *Booth v. BMO Harris Bank, N.A.*, 2014 WL 3952945 (E.D. Pa. Aug. 11, 2014); *Riley v. BMO Harris Bank, N.A.*, --- F. Supp. 2d ----, 2014 WL 3725341 (D.D.C.

July 29, 2014); *Graham v. BMO Harris Bank, N.A.*, No. 3:13-cv-1460 (D. Conn. July 16, 2014) (attached as Exhibit A); *Labajo v. First Int'l Bank & Trust*, No. 5:14-cv-00627 (C.D. Cal. July 9, 2014) (attached as Exhibit B); *Moss v. BMO Harris Bank, N.A.*, --- F. Supp. 2d ---, 2014 WL 2565824 (E.D.N.Y. June 9, 2014); *Gordon v. U.S. Bancorp*, No. 13-cv-3005 (D. Minn. Apr. 21, 2014) (attached as Exhibit C); *Elder v. BMO Harris Bank, N.A.*, 2014 WL 1429334 (D. Md. Apr. 11, 2014), *appeal pending*, No. 14-1638 (4th Cir.).

In this case, three of the defendants—BMO Harris, Generations, and Bay Cities—similarly moved to enforce the arbitration clauses in the loan agreements that Dillon alleges were illegal.[2]  Specifically, BMO Harris and Bay Cities moved to compel arbitration and stay litigation (Dkt. Nos. 35, 40) and Generations moved to dismiss the action in favor of arbitration (Dkt. No. 14).  In support of their motions, BMO Harris, Generations, and Bay Cities cited and attached Dillon's loan agreements, explaining that those agreements were incorporated by reference in Dillon's complaint even though he had failed to attach them.  *See*, *e.g.*, Dkt. No. 36, at 2–3.  In response, Dillon objected to the admissibility of the loan agreements but submitted no evidence or testimony disputing their authenticity nor actually denied that he had entered into the agreements.  *See*, *e.g.*, Dkt. No. 70, at 4.

---

[2]    The fourth defendant, Four Oaks, has not moved to compel arbitration and is not a party to this appeal.  Four Oaks allegedly processed an ACH transfer in connection with a loan agreement that did not contain an arbitration provision.

4

On March 10, 2014, the district court denied those motions because, in the court's view, the banks had not "establish[ed] the existence of an agreement to arbitrate." Dkt. No. 100, at 1. The district court concluded that the banks needed declarations to authenticate the agreements unless Dillon affirmatively conceded that the agreements were authentic (which, in the court's view, he had not done). *See id.* at 4.

Thereafter, BMO Harris, Generations, and Bay Cities obtained declarations authenticating the loan agreements and filed them along with renewed motions to enforce the arbitration clauses in Dillon's loan agreements. *See* Dkt. Nos. 102, 106, 123. In his responses, Dillon argued that the motions should be rejected under the standard applicable to motions for reconsideration. *See* Dkt. Nos. 112, 113, 126. But he again did not deny that he had entered into the loan agreements; did not question the authenticity of any of the loan agreements; submitted no evidence of his own concerning whether he had entered into the loan agreements; and merely quibbled with the declarations submitted by Bay Cities.

Nonetheless, on July 7, 2014, the district court denied the banks' renewed motions to enforce Dillon's arbitration agreements. In its order, the district court did not rule on the merits of the motions or address the substance of the agreements or the declarations that defendants had submitted. Dkt. No. 128. Instead, the court chose to employ the standard of review for motions for reconsideration, which it

held that defendants had not met. The court also stated, for the first time, that its earlier order was a denial with prejudice, effectively foreclosing any further proceedings with respect to the banks' rights to compel arbitration. *See id.* at 3.

BMO Harris, Generations, and Bay Cities timely filed their joint notice of appeal from the district court's July 7, 2014 order on July 17, 2014. Dkt. No. 130.[3]

## ARGUMENT

## I. DILLON'S JURISDICTIONAL CHALLENGE IS BARRED BY THE FAA AND SUPREME COURT PRECEDENT.

The FAA grants this Court jurisdiction to review the district court's July 7, 2014 order denying defendants' renewed motions to enforce Dillon's arbitration agreements. As this Court has explained, "Section 16(a) [of the FAA] provides that an appeal *may be taken from* any order favoring litigation over arbitration, including orders refusing to compel arbitration." *In re Pisgah Contractors, Inc.*, 117 F.3d 133, 135 (4th Cir. 1997) (emphasis in original); *see also Snowden v. CheckPoint Check Cashing*, 290 F.3d 631, 635 (4th Cir. 2002) ("[T]he FAA expressly permits an immediate appellate challenge to a district court's denial of a motion to compel arbitration . . . ."); *Am. Cas. Co. v. L-J, Inc.*, 35 F.3d 133, 135 (4th Cir. 1994) ("[O]rders that favor litigation over arbitration are *immediately* appealable . . . .") (internal quotation marks omitted).

---

[3]    Defendants also have filed a motion asking the district court to stay the litigation pending this appeal. *See* Dkt. No. 133. That motion remains pending before the district court.

Specifically, Section 16(a) of the FAA provides that "[a]n appeal may be taken from . . . an order . . . refusing a stay of any action under section 3 of this title."  9 U.S.C. § 16(a)(1)(A).[4]  Section 3 of the FAA, in turn, authorizes a district court to compel arbitration of "any suit or proceeding" that is "referable to arbitration" and to "stay the trial of the action until such arbitration has been had in accordance with the terms of the [arbitration] agreement."  *Id.* § 3.  This Court also has held that when a party makes a "motion to dismiss" that "seek[s] enforcement of an arbitration clause," as Generations did here, Section 16(a) provides jurisdiction to review the denial of such a motion.  *Noohi v. Toll Bros., Inc.*, 708 F.3d 599, 604–05 (4th Cir. 2013) (internal quotation marks omitted); *see also*, *e.g.*,

---

[4]      Section 16(a) provides in full:

(a) An appeal may be taken from--

    (1) an order--

        (A) refusing a stay of any action under section 3 of this title,

        (B) denying a petition under section 4 of this title to order arbitration to proceed,

        (C) denying an application under section 206 of this title to compel arbitration,

        (D) confirming or denying confirmation of an award or partial award, or

        (E) modifying, correcting, or vacating an award;

    (2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or

    (3) a final decision with respect to an arbitration that is subject to this title.

9 U.S.C. § 16(a).

*Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001) (motion to dismiss action in favor of arbitration "is sufficient to invoke the full spectrum of remedies under the FAA").[5]

Defendants' renewed motions all are appealable under Section 16(a) of the FAA. BMO Harris's and Bay Cities' renewed motions to compel arbitration incorporated by reference (Dkt. No. 102, at 2; Dkt. No. 123, at 3) their earlier motions and briefs that expressly requested orders staying litigation under Section 3 of the FAA. *See* Dkt. No. 35, at 1; Dkt. No. 36, at 18; Dkt. No. 40, at 1; Dkt. No. 41, at 5, 20; *see also*, *e.g.*, Dkt. No. 123, at 2 (Bay Cities' renewed motion "seek[s] an order compelling plaintiff James Dillon . . . to arbitrate each of the claims in his complaint against Bay Cities in this action [and] staying this action pending arbitration"). And Generations renewed its earlier motion to dismiss the action by enforcing the arbitration clause in Dillon's loan agreement. Dkt. No. 106, at 3. Accordingly, the district court's order denying these motions was an order within the scope of those made immediately appealable by Section 16(a) of the FAA.

---

[5]     As this Court has explained, when Congress enacted what is now 9 U.S.C. § 16, it made the "deliberate determination that appeal rules should reflect a strong policy favoring arbitration." *Stedor Enters., Ltd. v. Armtex, Inc.*, 947 F.2d 727, 730 (4th Cir. 1991) (quoting 15 Charles A. Wright *et al., Federal Practice and Procedure* § 3914.34, at 412 (Supp. 1990)). Congress "sought to effectuate this policy" by making "immediately appealable" any "order that favors litigation over arbitration—whether it refuses to stay the litigation in deference to arbitration; refuses to compel arbitration; denies confirmation to or modifies, corrects, or vacates an arbitral award; or grants, continues, or modifies an injunction against arbitration." *Id.*

8

In challenging this Court's jurisdiction, Dillon's sole argument is that the defendants' renewed motions allegedly were not motions to enforce his arbitration agreements. Rather, he contends, they were "motions for reconsideration" because the district court "treated them as motions for reconsideration" in denying them, and so the order purportedly is not "appealable" under Section 16(a) of the FAA. Mot. 1, 3. Dillon is mistaken.

To begin with, the district court acknowledged that the renewed motions were in fact "motions to compel arbitration." Dkt. No. 128, at 1. Although the district court applied the standard for a motion for reconsideration, the plain language of the court's order referred to the motions as "motions to compel arbitration," or, in Generations' case, as a "motion to dismiss." *Id.* at 1, 8.

In addition, Dillon's argument finds no support in the statute. Nothing in Section 16(a) suggests that its grant of jurisdiction turns on the reason *why* a district court denies a motion to enforce an arbitration agreement, such as whether the motion meets the standard for a motion for reconsideration. Section 16(a) simply states that "[a]n appeal may be taken from . . . an order . . . refusing" such a motion. 9 U.S.C. § 16(a). And the defendants' renewed motions unambiguously sought enforcement of Dillon's arbitration agreements. Dkt. No. 102, at 2; Dkt. No. 106, at 2; Dkt. No. 123, at 2. As this Court held in *Snowden*, "this

9

circumstance is all that is necessary" for appellate jurisdiction to arise. 290 F.3d at 636.

Moreover, Dillon's assertion that that the renewed motions should not count as arbitration motions for purposes of appellate jurisdiction runs afoul of the Supreme Court's decision in *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624 (2009). The *Carlisle* plaintiffs had argued—as Dillon does here—that the defendants' requests for arbitration were "not actually" motions to compel arbitration for purposes of appellate jurisdiction under Section 16(a). *Id.* at 628.[6] The Supreme Court flatly rejected the argument, holding that the "clear and unambiguous terms" of Section 16(a) confirm that "any litigant who asks for a stay under § 3 is entitled to an immediate appeal from denial of that motion—regardless of whether the litigant is in fact eligible for a stay." *Id.* The *Carlisle* plaintiffs, the Court explained, were improperly "conflat[ing] the jurisdictional question with the merits of the appeal." *Id.* But Section 16(a), the Court declared, "unambiguously makes the underlying merits irrelevant, for even utter frivolousness of the underlying request" to enforce an arbitration agreement "cannot turn a denial into

---

[6]     In *Carlisle*, the plaintiffs asserted that the requests for arbitration were not motions to compel arbitration "cognizable under §§ 3 and 4 [of the FAA]" because the defendants were not signatories to the arbitration agreements, and so purportedly were not entitled to invoke them under the FAA. 556 U.S. at 628. That is similar to Dillon's argument here that the defendants' motions did not qualify as motions to compel arbitration because they were deemed to be requests for reconsideration and the district court held that they did not meet the standards for reconsideration. Mot. 8.

something other than 'an order . . . refusing'" such a request. *Id.* at 628–29 (quoting 9 U.S.C. § 16(a)).

Dillon complains that allowing a party to appeal from the denial of a renewed motion to compel arbitration would lead to abusive serial motions to compel arbitration. Mot. 3. This argument is also inconsistent with the facts of this case and controlling case law. Here, defendants have not made repeated motions, they simply made one set of renewed motions to address an evidentiary issue raised by the court. It is Dillon's approach that would lead to irrational and wasteful proceedings, preventing defendants from raising a meritorious arbitration defense until after an entire multi-party case brought as a class action has been litigated.

Indeed, the Supreme Court in *Carlisle* rejected the assertion that Section 16(a)'s grant of the right to immediate appeal "will produce a long parade of horribles." 556 U.S. at 629. The Court explained that "[e]ven if these objections could surmount the plain language of the statute, we would not be persuaded." *Id.* Noting that jurisdictional rules are supposed to be simple, the Court observed that "[d]etermin[ing] . . . whether" a party has requested arbitration "is immeasurably more simple and less fact-bound than" alternative approaches—such as Dillon's proposal that the court also examine whether a motion to compel arbitration meets the different standard for a motion for reconsideration. *Id.*

11

Finally, even if Dillon were correct that defendants' renewed arbitration motions should be deemed motions for reconsideration, Dillon is mistaken in assuming that their denial would not be appealable. He cites two *per curiam* unpublished decisions dismissing appeals from orders denying reconsideration of prior rulings dismissing claims. Mot. 10. But those cases did not involve motions to compel arbitration, nor did they involve a statute allowing an interlocutory appeal of the order at issue. *See Goodman v. Johnson*, 471 F. App'x 114, 115 & n.2 (4th Cir. 2012) (partial dismissal of the complaint); *Scinto v. Preston*, 234 F. App'x 106 (4th Cir. 2007) (same).[7] This authority is inapplicable.

Further, the authority that is relevant refutes Dillon's argument. In a case where the defendant (unlike defendants here) actually styled the motion at issue as a motion for reconsideration of an earlier denial of a motion to compel arbitration, and where the defendant (again unlike defendants here) did not submit additional evidence, the Seventh Circuit still held that the order denying the motion for reconsideration was immediately appealable under Section 16(a). *See Oblix, Inc. v. Winiecki*, 374 F.3d 488 (7th Cir. 2004). There the district court had denied

---

[7] Both of the appellants in those cases were *pro se* plaintiffs who had filed 42 U.S.C. § 1983 claims against law enforcement or prison guards. *See Goodman v. Johnson*, 2012 WL 5208523, at *1 (E.D. Va. 2012) (alleging prison officials were deliberately indifferent to his medical needs for refusing to prescribe him contact lenses instead of eyeglasses); *Scinto v. Preston*, 2009 WL 8666488, at *1 (E.D.N.C. 2009) (alleging officers falsely arrested him and denied him access to his insulin).

reconsideration of its denial of the defendant's motion to compel arbitration.  *Id.* at 490.  When the defendant appealed, the plaintiff contended that the Seventh Circuit lacked jurisdiction, arguing—as Dillon does here (Mot. 7, 11)—that the defendant was required to appeal the initial order denying the motion to compel arbitration, not the order denying reconsideration of that motion.  *Id.*

The *Oblix* court rejected that argument as based on the false assumption that "the appeal must come from the first appealable decision."  374 F.3d at 490.  Instead, the court explained, "each order meeting the conditions for interlocutory appeal may be appealed separately."  *Id.* (citing *Behrens v. Pelletier*, 516 U.S. 299 (1996)).  Thus, the court had jurisdiction because "the fact remain[ed] that on July 1 the district court entered an order reiterating its refusal to send the matter to arbitration," and "[t]he order of July 1 [was] no less appealable under § 16(a) [of the FAA] than the order of April 23 [denying the initial motion to compel arbitration]."  *Oblix*, 374 F.3d at 490.  So too here; defendants have timely appealed the district court's July 7, 2014 order denying their renewed arbitration motions, which was "no less appealable" than the court's March 10, 2014 order denying their initial motions.  *Id.*

## II.    EVEN IF THE MERITS OF THE APPEAL WERE RELEVANT TO THIS COURT'S JURISDICTION, THE COURT BELOW ERRED AS A MATTER OF LAW IN DENYING DEFENDANTS' RENEWED ARBITRATION MOTIONS.

*Carlisle* makes clear that the merits of the district court's denial of defendants' renewed arbitration motions are irrelevant to this Court's jurisdiction. But even if the merits were relevant, the district court erred in treating defendants' renewed arbitration motions as motions for reconsideration. Dillon is mistaken in asserting that the renewed motions "ask[ed] the [district] court to reconsider [its] interlocutory rulings" that denied the initial motions because of an evidentiary dispute. Mot. 6 (quotation marks omitted).

Rather than asking the district court to reconsider whether the defendants had initially met their burden of showing that arbitration agreements existed, the renewed motions provided the evidence of the authenticity of Dillon's arbitration agreements that the district court had previously believed was missing. As reflected in the authority set forth below, numerous courts have recognized that it is entirely appropriate to file a renewed motion to compel arbitration when an earlier issue relating to the existence or authenticity of an arbitration agreement can be addressed.

The FAA itself instructs courts to resolve factual disputes over the existence of an agreement to arbitrate. For example, Section 4 of the FAA specifies that "[i]f the making of the arbitration agreement . . . be in issue, the court shall proceed summarily to the trial thereof" (9 U.S.C. § 4)—and not simply deny the request for arbitration altogether.

For this reason, the Third Circuit has explained that when the "arbitrability" of the plaintiff's claims is either not "apparent on the face of the complaint" or the plaintiff "has come forward with enough evidence in response to the motion to compel arbitration to place the question in issue," the "motion to compel arbitration must be denied *pending further development of the factual record*." *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 774 (3d Cir. 2013) (emphasis added). Then, "the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on the question," and following this "restricted inquiry into factual issues," the district court "may entertain a *renewed* motion to compel arbitration . . . under a summary judgment standard." *Id.* at 774, 776 (internal quotation marks and alteration omitted; emphasis added).

The Tenth Circuit similarly has held that district courts may not foreclose arbitration altogether simply because the parties dispute the existence of the arbitration agreement. As the Tenth Circuit explained, "when parties dispute the making of an agreement to arbitrate," the "[o]ne thing the district court may never do" is deny arbitration altogether on that basis. *Howard v. Ferrellgas Partners, L.P.*, 748 F.3d 975, 978–80 (10th Cir. 2014) (quotation marks and alteration omitted). That, the Tenth Circuit observed, is "like mixing apples and oranges, like saying someone who fails to win a summary judgment motion must

necessarily lose after trial." *Id.* at 978. Instead, the district court must either hold a "trial of the unresolved factual questions" (*id.* at 978–79) or—if further proceedings reveal that there is no genuine issue of fact (as is the case here, where Dillon has presented no evidence in support of his position)—rule on the merits of the arbitration motion.[8] For this reason, the court below erred in subjecting the

---

[8]     For this reason, district courts across the country routinely permit—and grant—renewed motions to compel arbitration once evidentiary disputes as to arbitrability have been resolved. *See*, *e.g.*, *Bernal v. Sw. & Pac. Specialty Fin., Inc.*, 2014 WL 1868787, at *1 & n.1 (N.D. Cal. May 7, 2014) (granting renewed motion to compel arbitration once defendant submitted additional evidence; the initial motion was denied "because neither party had submitted a copy of Plaintiff's online loan application"); *Goldberg v. C.B. Richard Ellis, Inc.*, 2012 WL 6522741, at *2 (D.S.C. Dec. 14, 2012) (same once the defendant found a signed copy of the agreement with plaintiff); *Newark Bay Cogeneration P'ship, LP v. ETS Power Grp.*, 2012 WL 4504475, at *5 (D.N.J. Sept. 28, 2012) (same once the parties engaged in discovery related to the issue of contract formation); *Lucas v. Hertz Corp.*, 875 F. Supp. 2d 991, 997 n.6 (N.D. Cal. 2012) (same after movant resolved the "evidentiary problems" with its first motion); *Quazilbash v. Wells Fargo & Co.*, 2010 WL 1643778, at *2 (N.D. Okla. Apr. 22, 2010) (explaining that if a defendant has "failed to show that there is an agreement to arbitrate between it and the plaintiff" based "on the current record," it "may file a new motion to compel arbitration" supported by "additional evidence relevant to whether an agreement to arbitrate exists"); *Wholesale Tape & Supply Co. v. iCode, Inc.*, 2005 WL 3535148, at *2 (E.D. Tenn. Dec. 22, 2005) (granting third motion to compel arbitration once the defendant put forth sufficient facts showing that "the conditions precedent to arbitration" had been met); *SG Avipro Fin. Ltd. v. Cameroon Airlines*, 2005 WL 1353955, at *1–2 (S.D.N.Y. June 8, 2005) (granting renewed motion to compel arbitration once petitioner submitted uncontroverted evidence that the arbitration agreement was not a forgery); *Stone v. Pa. Merch. Grp., Ltd.*, 949 F. Supp. 316, 318–19 (E.D. Pa. 1996) (same once the defendant supplemented the previously "insufficient" record by "submit[ing] additional materials in support of its motion").

16

renewed motions to the standard for motions for reconsideration and denying them on that basis alone without addressing the merits of the motions.

Moreover, even if the reconsideration standard were applicable, defendants' renewed motions satisfied it. A motion for reconsideration should be granted where denial would lead to a "manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Here, it would be a "manifest injustice" to bar defendants from compelling arbitration now that there is no longer a dispute that Dillon entered into arbitration agreements.[9] Indeed, as noted above, in the copycat actions filed by Dillon's counsel, eight different federal district courts—every other one to rule so far—have concluded that the plaintiffs' claims must be arbitrated. *See* pages 3–4, *supra*.[10]

---

[9]     Indeed, Dillon has never submitted evidence disputing that he is a party to the agreements requiring arbitration. *See Borders v. Chase Home Finance, LLC*, 2009 WL 1870916, at *5 (E.D. La. June 29, 2009) (agreeing with authority supporting "the proposition that a technical challenge to the authenticity of a document will not require its exclusion in the absence of a challenge to its substantive validity"); *Berry v. Indianapolis Life Insurance Co.*, 600 F. Supp.2d 805, 811 (N.D. Tex. 2009) (rejecting challenge to consideration of document where objecting party contended that document was unauthenticated but did not argue "that it is not in fact authentic").

[10]     BMO Harris would be entitled to reconsideration for the additional reason that the new evidence it had submitted was previously unavailable because its source, Dillon's lender, had refused to provide it earlier. *See Hutchinson*, 994 F.2d at 1081; *Akeva L.L.C. v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 566 (M.D.N.C. 2005); *see also* Dkt. No. 114, at 4. Although the district court suggested that BMO Harris could have sought to compel the lender to provide that evidence, as BMO

17

## CONCLUSION

For the foregoing reasons, the Court should deny the motion to dismiss the appeal.

---

Harris pointed out below, Dillon's lender enjoys tribal immunity and thus could refuse to respond to a subpoena. Dkt. No. 114, at 4–5 & n.1.

Respectfully submitted,

MAYER BROWN LLP

/s/ Leslie Sara Hyman

Eric A. Pullen
Leslie Sara Hyman
Etan Tepperman
PUMAN, CAPPUCCIO,
PULLEN, BENSON & JONES, LLP
2161 NW Military Highway, Suite 400
San Antonio, TX 78213
Telephone: (210) 222-9494
Facsimile: (210) 892-1610
epullen@pulmanlaw.com
lhyman@pulmanlaw.com
etepperman@pulmanlaw.com

Reid C. Adams, Jr.
Garth A. Gersten
Jonathan R. Reich
WOMBLE CARLYLE SANDRIDGE
& RICE, LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3600
Facsimile: (336) 721-3660
cadams@wcsr.com
ggarth@wscr.com
jreich@wscr.com

*Attorneys for Defendant-Appellant
Generations Federal Credit Union*

/s/ Kevin Ranlett

Kevin Ranlett
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

Lucia Nale
Debra Bogo-Ernst
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 782-0600
Facsimile: (312) 701-7711

Mary K. Mandeville
ALEXANDER RICKS PLLC
2901 Coltsgate Road, Suite 202
Charlotte, N.C. 28211
Telephone:  (704) 200-2635
Facsimile:  (704) 365-3676

*Attorneys for Defendant-Appellant BMO
Harris Bank, N.A.*

BRYAN CAVE LLP

/s/ Eric Rieder

Eric Rieder
1290 Avenue of the Americas, 35th
Floor
New York, NY 10104
Phone: (212) 541-2057
erieder@bryancave.com

Michael P. Carey
1201 W. Peachtree St., N.W.
Suite 1400A
Atlanta, Georgia 30309
Phone: (404) 572-6863
Fax: (404) 420-0863
michael.carey@bryancave.com

Mark Vasco
One Wells Fargo Center
302 S. College Street, Suite 3400
Charlotte, NC 28202
Phone: (704) 749-8930
Fax: (704) 749-8990
mark.vasco@bryancave.com

*Attorneys for Defendant-Appellant Bay
Cities Bank*

## CERTIFICATE OF SERVICE

I certify that on this 21st day of August, 2014, the foregoing document was served on all parties or their counsel of record through the CM/ECF system.


<u>/s/ Kevin Ranlett</u>
Kevin Ranlett